**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

DAVID VANG,

Plaintiff,

v.

CITY OF FRESNO, et al.,

Defendants.

Case No. 1:26-cv-06955-KES-EGC

**FIRST SCREENING ORDER; ORDER FOR PLAINTIFF TO:**

**(1) FILE A FIRST AMENDED COMPLAINT;**

**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR**

**(3) FILE A NOTICE OF VOLUNTARY DISMISSAL**

(Doc. 1)

FOURTEEN-DAY DEADLINE

On August 31, 2026, David Vang ("Plaintiff"), proceeding *pro se*, filed a complaint against the City of Fresno and its officials (Fresno City Attorney Andrew Janz, City Public Utilities Billing Representative "Erin," and City Code-Enforcement Official Joshua Anacleto) (collectively "Defendants"). (Doc. 1 ("Compl.") ¶¶ 7–9, 11). Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on August 4, 2026. (Docs. 4, 6). Plaintiff's complaint is now before the Court for screening. Upon review, the Court concludes that the complaint fails to state a cognizable claim.

Plaintiff has the following options as to how to proceed: Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a

statement with the Court stating that they want to stand on this complaint and have it reviewed by the assigned district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each

defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See*, *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint names the City of Fresno and its officials (Fresno City Attorney Andrew Janz, City Public Utilities Billing Representative "Erin," and City Code-Enforcement Official Joshua Anacleto) as Defendants. (Compl.") ¶¶ 7–9, 11). Plaintiff states that subject matter jurisdiction is based on federal question jurisdiction, 28 U.S.C. § 1331, (*id.* ¶ 1), specifically invoking 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments, (*id.*). Plaintiff also invokes supplemental jurisdiction as to his state law claims pursuant to 28 U.S.C. § 1367(a). (*Id.* ¶ 3).

As to Plaintiff's factual allegations, and taking them as true, Plaintiff occupies 1639 N. 6th Street. Plaintiff's brother and his infant child occupy the adjacent unit 7 at 1641 N. 6th Street on the same parcel." (*Id.* ¶ 13). "On February 24, 2026, Plaintiff contacted the City's Public Utilities Department to establish water and sewer service in his own name. Plaintiff was told that, because the property was treated as a multi-residential parcel served by a single meter, he could not establish service without assuming a prior customer's delinquent balance." (*Id.* ¶ 14). During this call, he "reported an urgent sanitation and health condition," and that upon consultation with a supervisor, the billing representative said "the denial remained in place." (*Id.* ¶ 15). At this time, Plaintiff submitted a grievance to the State Water Resources Control Board, which generated a case number that was closed four minutes later. (*Id.* ¶ 16).

On March 2, 2026, "City Public Utilities personnel excavated the street, removed the meter, and physically severed the water service line." (*Id.* ¶ 17). On April 10, 2026, Code Enforcement designated 1639 N. 6th St. as a "substandard building," citing the lack of running water and sanitation." (*Id.* ¶ 18). "Plaintiff further alleges that City personnel obtained or used information concerning his PG&E utility account without his consent or a warrant. Plaintiff seeks discovery concerning what information was obtained, by whom, under what authority, and how it was used." (*Id.* ¶ 19). Plaintiff then delivered a written notice to City Attorney Andrew Janz "identifying the alleged water-service, utility-account, and code-enforcement violations. The City thereafter continued the enforcement process." (*Id.* ¶ 20). "On July 16, 2026, the City Attorney's office obtained or sought an extension of a Fresno County Superior Court forcible-entry inspection and abatement warrant," and "[o]n August 13, 2026, the City served Plaintiff with a 24-hour notice concerning intended execution." (*Id.* ¶¶ 21–22).

Plaintiff then lists seven causes of action: (1) "42 U.S.C. § 1983: Fourteenth Amendment Procedural Due Process," (2) "42 U.S.C. § 1983: First Amendment Retaliation," (3) "42 U.S.C. § 1983: Fourth Amendment" (4) "42 U.S.C. § 1983: Municipal Liability," (5) "Constructive Eviction — Cal. Code Civ. Proc. § 789.3," (6) "Intentional Infliction of Emotional Distress," (7) "California Civil Code § 52.1," and (8) "California Unfair Competition Law, to the Extent Available." (*Id.*).

As to relief, Plaintiff requests that the Court:

1. Declare, to the extent supported by the evidence and law, that Defendants' denial of utility service without constitutionally adequate process violated Plaintiff's rights.

2. Order restoration of potable water service to 1639 and 1641 N. 6th Street under lawful customer accounts, without requiring Plaintiff to assume a prior customer's delinquent balance when such conditioning is prohibited by applicable law.

3. Enjoin Defendants from using Plaintiff's protected complaints or petitioning activity as a basis for retaliation.

4. Enjoin Defendants from executing or participating in an entry into Plaintiff's home in a manner that violates the Fourth Amendment, subject to lawful judicial process and any applicable federal abstention doctrines.

5. Award such equitable restitution and other non-monetary relief as authorized by law.

6. Award damages, if and to the extent legally available, in an amount to be proven at trial; Plaintiff is not seeking damages as part of the emergency TRO.

7. Award costs and any attorney's fees available under 42 U.S.C. § 1988 and other applicable law.

(*Id.* at 9).

## III. DISCUSSION

### A. Rule 8

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that they are entitled to relief. Although the Federal Rules use a flexible pleading policy, plaintiffs are required to give fair notice to defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give a defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Plaintiff's complaint is an impermissible "shotgun" pleading. A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, No. 2:14–cv–00037–TLN–AC, 2014 WL 5797365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted).

The complaint alleges various claims, but it is not clear *what* facts relate to *which* claim or *which* defendant, or *how* the facts relate to the legal claims raised. Plaintiff does not explain how Defendants' actions were wrongful or otherwise give rise to the claims pleaded, and Plaintiff's complaint fails to give Defendants "fair notice" of the claims against which Defendants must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2); *Brazil*, 66 F.3d at 199; *McKeever*, 932 F.2d at 798.

Further, while "the pleading standard Rule 8 announces does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation omitted). "A pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation omitted). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct."

A claim has facial plausibility as required by Rule 8 when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *Miller v. Sawant*, 18 F.4th 328, 336 (9th Cir. 2022). A plaintiff cannot "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021); *see also Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014).

Here Plaintiff's complaint is filled with impermissible conclusory allegations, (*see*, *e.g.*, Compl. ¶¶ 35 ("The alleged adverse actions would deter a person of ordinary firmness from exercising protected petitioning activity and, as alleged, were motivated at least in part by the protected activity."), 46 ("Plaintiff alleges that the challenged conduct went beyond the mere commission of a constitutional violation and included coercive acts designed to compel Plaintiff to surrender rights or accept conditions he disputed."), 48 ("Plaintiff alleges that the City's utility practices constitute unlawful or unfair conduct insofar as they violate applicable water-service protections.")), and impermissibly "rel[ies] on anticipated discovery to satisfy Rule[] 8," *Whitaker*, 985 F.3d at 1177; (*see* Compl. ¶¶ 34 ("Plaintiff will seek discovery concerning communications, work orders, supervisory approvals, and the chronology of the decision."), 41 ("The City is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to the extent discovery establishes that the challenged constitutional injuries were caused by an official policy, custom, practice, or decision by an official with final policymaking authority."), 49

("Plaintiff does not presently have sufficient records to quantify any alleged double recovery and therefore pleads this theory subject to amendment after discovery.")).

Therefore, the Court finds that Plaintiff has not stated a claim because his complaint fails to meet the requirements of Rule 8.

**B. Deficiencies as to Plaintiff's Claims Relating to the Alleged Inspection Warrant**

Insofar as Plaintiff seeks to bring any claim related to the act of petitioning for an inspection warrant, Plaintiff alleges no facts supporting a theory that the unspecified defendant(s) against whom he seeks to bring his third claim violated a constitutional right in their petition for a warrant. Insofar as Plaintiff argues that the relevant unspecified defendant(s) violated his Fourth Amendment rights by petitioning for an inspection warrant without probable cause, Plaintiff misunderstands the standard for obtaining an inspection warrant. "There need be no probable cause to suppose a violation to support a warrant to inspect. All that is required is a showing that reasonable administrative standards for inspection have been established and are met in the inspection in question." *United States v. Thriftimart, Inc.*, 429 F.2d 1006, 1008–09 (9th Cir. 1970). Because Plaintiff has not alleged that any unspecified defendant(s) against whom he seeks to bring his third claim failed to make such a showing, he cannot state a claim for a Fourth Amendment violation.

As to any claims brought related to any execution of an inspection warrant, the Ninth Circuit has recognized that the execution of court orders is an integral quasi-judicial function that deserves the protection of absolute immunity. *See Coverdell v. Dept. of Soc. & Health Servs.*, 834 F.2d 758, 764–65 (9th Cir. 1987) (internal citation omitted). Quasi-judicial "[i]mmunity flows from the nature of the function performed, not the identity of the actor who performed it." *Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018). Therefore, any Defendant whose liability is based on the execution of the inspection warrant would therefore "be cloaked in quasi-judicial immunity so long as he is carrying out the explicit orders of the court." *Foley*, 2020 WL 4736457, at *4.

In sum, based on the facts alleged, Plaintiff's theories of liability against unspecified defendant(s) for claims associated with the inspection warrant are barred by immunity doctrines or

are otherwise insufficiently pleaded.

**C. Plaintiff's Claims Against Fresno County**

A local government entity, such as the City of Fresno, "may not be sued under [section] 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [section] 1983." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). To state a section 1983 municipal liability claim against a government entity, a plaintiff must allege that a policy, practice, or custom of the entity was a moving force behind a violation of constitutional rights. *Id.*; *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021); see also *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (The elements of a municipal liability claim are "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.") (quoting *Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)); *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003) (liability under *Monell* may attach when an employee "was acting pursuant to an official municipal policy" or when "an employee commits a constitutional violation pursuant to a longstanding practice or custom") (citation omitted); *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (For purposes of establishing public entity liability pursuant to *Monell*, a plaintiff must show one of the following: (1) The public employee committed the constitutional violation pursuant to a formal government policy of a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity"; (2) the individual who committed the constitutional tort was an official with the "final policy-making authority," such that the challenged action itself constituted the policy of the entity; or (3) an official with final policy-making authority ratified a subordinate's unconstitutional decision of action and the basis for it.) (citation omitted).

"A 'policy' is 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect

to the subject matter in question.'" *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002) (citation and internal quotation mark omitted). "A 'policy' can be one of action . . . or inaction." (Id.) (internal citations omitted). There is no liability under *Monell* where there is proof of only a single incident of unconstitutional activity, "unless proof of the incident includes proof that it was caused by an existing, unconstitutional [local government] policy, which policy can be attributed to a [local government] policymaker." *Meehan v. County of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (quoting *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823–24 (1985)).

However, "a *Monell* claim must consist of more than mere formulaic recitations of the existence of unlawful policies, conducts, or habits." *A.B. v. City of Santa Ana*, Case No. 8:18-cv-DOC-ADS, 2019 WL 1578380, at *3 (C.D. Cal. Feb. 11, 2019) (citation omitted); see also *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983.") (citing *Canton*, 489 U.S. at 388–89). Because Plaintiff has only plead conclusory allegations, (*see supra*), he has not plausibly stated a claim against the City of Fresno.

**A. Supplemental Jurisdiction (State Law Claims)**

Plaintiff also brings several state law statutory claims. (*See* Compl. ¶ 44–49). Because of the deficiencies set forth above, Plaintiff's federal claims are subject to dismissal (with leave to amend). Therefore, Court will not at this time exercise supplemental jurisdiction over Plaintiff's state law claims. *See Flores v.* Soto, No. 1:14–cv–01899-SKO (PC), 2015 WL 6555096, at *5 (E.D. Cal. Oct. 28, 2015) ("[U]ntil and unless Plaintiff states a cognizable claim under federal law, the Court will not exercise supplemental jurisdiction over his state law claims.") (citing 28 U.S.C. § 1367(a)); *see also* 28 U.S.C. § 1367(c)(3) (the court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction").

**D. Leave to Amend**

In sum, the Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide

Plaintiff with time to file an amended complaint so they can specify their claims with additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Each claim and the involvement of each defendant must be sufficiently alleged and may not rely on what may be discovered upon hypothetical discovery.

Plaintiff is further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," and refer to the appropriate case number. By signing an amended complaint, Plaintiff certifies that they have made a reasonable inquiry, have evidentiary support for their allegations and that for violation of this rule, the Court may impose sanctions sufficient to deter repetition by Plaintiff or others. Fed. R. Civ. P. 11.

Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The Court makes clear that if Plaintiff chooses to seek relief based on a different cause of action, that new cause of action must be reasonably related to the allegations contained in the original complaint.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint as described above, which will be screened in due course. Alternatively, Plaintiff may choose to stand on their complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV. ORDER

Based on the foregoing, IT IS ORDERED **that within fourteen (14) days from the date of service of this order,** Plaintiff shall either:

1. File a First Amended Complaint;
2. Notify the Court in writing that they wish to stand on the current complaint; or
3. File a notice of voluntary dismissal.

If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-6955-KES-EGC. <u>**Failure to comply with this order may result in the dismissal of this action.**</u>

IT IS SO ORDERED.

Dated: **September 25, 2026**

Erin Sanz Castillo
UNITED STATES MAGISTRATE JUDGE