**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DAVID VANG,

Plaintiff,

v.

CITY OF FRESNO, et al.,

Defendants.

/

Case No. 1:26-cv-06955-KES-EGC

**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL**

(Doc. 1)

**FOURTEEN-DAY DEADLINE**

Plaintiff David Vang is proceeding *pro se* and *in forma pauperis* in this action. (Docs. 1, 6). Plaintiff filed their complaint on August 31, 2026. (Doc. 1).

On September 25, 2026, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims, granting leave to amend, and ordering Plaintiff to respond within fourteen days in the form of (1) filing amended complaint, (2) notifying the Court that they wished to stand on their complaint, or (3) filing a notice of voluntary dismissal. (Doc. 1). The screening order was served on Plaintiff by mail that same day. (*See* Docket). To date, Plaintiff has not filed an amended complaint, notified the Court of their intention to stand on their complaint, filed a notice of voluntary dismissal, or requested an extension of time within which to respond to the screening order. (*See* Docket).

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the

Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, <u>within fourteen (14) days of the date of service of this Order</u>, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply with the Court's order and for failure to prosecute their case.** Alternatively, within that same period, Plaintiff may file an amended complaint, a statement indicating they stands on their original complaint, or a notice of voluntary dismissal. The Court further CAUTIONS Plaintiff that, if they fail to act within fourteen (14) days of the date of service of this order, the Court will recommend to a presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at their address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE